UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 6:23-cr-*109-CEM-EJK*

18 U.S.C. § 2251(a)
18 U.S.C. § 2252A(a)(2)

MICHAEL REMALEY

**INFORMATION**

The United States Attorney charges:

**COUNT ONE**

On or about October 12, 2021, in the Middle District of Florida, and elsewhere, the defendant,

MICHAEL REMALEY,

did employ, use, persuade, induce, entice, and coerce a minor, to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and the visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT TWO

On or about October 22, 2021, in the Middle District of Florida, and elsewhere, the defendant,

MICHAEL REMALEY,

did knowingly distribute child pornography using any means and facility of interstate and foreign commerce.

In violation of 18 U.S.C. § 2252A(a)(2) and (b)(1).

## FORFEITURE

1.     The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of 18 U.S.C. § 2253.

2.     Upon conviction of a violation of 18 U.S.C. §§ 2251(a) and/or 2252A(a)(2), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

a.     Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of chapter 110;

b.     Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

c.     Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3.     The property to be forfeited includes, but is not limited to, the following:  an iPhone 12 Pro Max, serial number F2LF8X870D42; and Dell G3 3590 Laptop, serial number 6LPXWZ2.

4.     If any of the property described above, as a result of any act or omission of the defendant:

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third person;

c.     has been placed beyond the jurisdiction of the Court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant

to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

ROGER B. HANDBERG
United States Attorney

By:   _____
Shawn P. Napier
Assistant United States Attorney

By:   _____
Chauncey A. Bratt
Assistant United States Attorney
Deputy Chief, Orlando Division

4